| | |
|---|---|
| RUDY JIMENEZ, | Case No. 1:19-cv-00727-JDP (HC) |
| Petitioner, | ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE SUMMARILY DISMISSED |
| v. | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS, | ECF No. 1 |
| | RESPONSE DUE IN 14 DAYS |
| Respondent. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Petitioner Rudy Jimenez, a state prisoner without counsel, has filed a "Petition for Resentencing" under California Penal Code Section 1170.95. ECF No. 1. He filed the petition with this court's Sacramento Division, which construed the document as a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and transferred the case to the Fresno Division. ECF No. 3. The matter is before the court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply in all habeas proceedings. *See* Rules Governing Section 2254 Cases, Rule 1(b); *cf*. 28 U.S.C. § 2243. Under Rule 4, the court must examine the habeas corpus petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief.

The petition contains three deficiencies. First, the petition is addressed to the Kings County Superior Court, not this court. ECF No. 1 at 1. If petitioner intends to pursue a federal

1

habeas petition, he must file a petition that adheres to a prescribed form that is appended to the Rules Governing Section 2254 Cases. *See* Rules Governing Section 2254 Cases, Rule 2(d).[1]

Second, petitioner does not explain why he is entitled to resentencing. The petition has several miscellaneous exhibits attached, but it contains no argument. We will not construct a habeas claim for petitioner. *See Pliler v. Ford*, 542 U.S. 225, 226 (2004) (noting that judges, "impartial decisionmakers," may not give legal advice to pro se litigants).

Third, petitioner was convicted and sentenced more than two decades ago, in 1997, for two counts of forcible sodomy with a person under the age of fourteen. ECF No. 1 at 1; *see generally People v. Jimenez*, 80 Cal. App. 4th 286, 288 (2000). We do not see how any challenge to his sentence would be timely.

We will give petitioner a chance to explain why the court should not dismiss the case, even though we have serious doubt that this petition can proceed beyond screening. In response to this order, petitioner must cure the deficiencies identified in this order. Failure to do so may result in the dismissal of the case.

**Order**

1. Within fourteen days from the service of this order, petitioner must to show cause why the court should not summarily dismiss the petition.
2. Petitioner's response must address the deficiencies identified in this order.
3. Failure to comply with this order may result in the dismissal of the petition.

IT IS SO ORDERED.

Dated: May 28, 2019

_____
UNITED STATES MAGISTRATE JUDGE

No. 202

---

[1] If petitioner intends to pursue a state habeas petition in the Kings County Superior Court, the mailing address for that court is 1640 Kings County Drive, Hanford, CA 93230.