UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDY JIMENEZ,<br><br>    Petitioner,<br><br>    v.<br><br>SUPERIOR COURT OF CALIFORNIA, COUNTY OF KINGS,<br><br>    Respondent. | Case No. 1:19-cv-00727-NONE-JDP (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION</u><br><br>(Doc. No. 11) |

On May 17, 2019, petitioner Rudy Jimenez, a state prisoner proceeding without counsel, filed with this federal court a "Petition for Resentencing" under California Penal Code § 1170.95. (Doc. No. 1.) This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 29, 2019, the assigned magistrate judge issued an order requiring petitioner to show cause in writing why the petition should not be summarily dismissed, pointing out three obvious flaws: (1) the petition is addressed to the Kings County Superior Court, not this federal court; (2) petitioner does not explain why he is entitled to resentencing; (3) petitioner was convicted and sentenced in state court more than two decades ago, in 1997, making it difficult to imagine how any challenge to his sentence would be timely. (Doc. No. 6.) Despite having

/////

requested and been given an extension of time to respond to the order to show cause (Doc. No. 9), plaintiff failed to respond.

Accordingly, on February 7, 2020, the magistrate judge issued findings and recommendations recommending that the pending petition be dismissed on the grounds that it is plain that petitioner is not entitled to federal habeas relief. (Doc. No. 11.) The findings and recommendations were served on petitioner and contained notice that any objections thereto were due within fourteen (14) days. (*Id.*) The time for filing objections has passed and petitioner failed to do so.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(B) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and proper analysis.

Having found that petitioner is not entitled to habeas relief, the court now turns to whether a certificate of appealability should issue. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, as an appeal is only allowed under certain circumstances. *See* 28 U.S.C. § 2253; *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). In addition, Rule 11 of the Rules Governing Section 2254 Cases requires that a district court issue or deny a certificate of appealability when entering a final order adverse to a petitioner. *See also* Ninth Circuit Rule 22-1(a); *United States v. Asrar*, 116 F.3d 1268, 1270 (9th Cir. 1997).

If, as here, a court dismisses a petition for a writ of habeas corpus, the court may only issue a certificate of appealability when "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing, the petitioner must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the court concludes that petitioner has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of

appealability. Reasonable jurists would not find the court's determination that petitioner is not entitled to federal habeas corpus relief wrong or debatable, and they would not conclude that petitioner is deserving of encouragement to proceed further. The court therefore declines to issue a certificate of appealability.

Accordingly:

1. The findings and recommendations issued on February 7, 2020 (Doc. No. 11) are adopted in full;
2. The petition (Doc. No. 1) is dismissed;
3. The court declines to issue a certificate of appealability; and
4. The Clerk of Court is directed to assign a district judge to this case for the purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **March 4, 2020**

_____
UNITED STATES DISTRICT JUDGE